James E. COFIELD, Jr., Plaintiff,

v.

GOLDMAN, SACHS & COMPANY, a corporation duly organized under the laws of the State of New York et al., Defendants.

No. 72 Civ. 947.

United States District Court,
S. D. New York,
Civil Division.

Feb. 14, 1973.

Murphy, Thorpe & Lewis, New York City, for plaintiff; Rita L. Murphy, of counsel.

Sullivan & Cromwell, New York City, for defendants; John F. Cannon, New York City, of counsel.

## OPINION

### GRANTING PARTIAL SUMMARY JUDGMENT

WHITMAN KNAPP, District Judge.

Defendants move for summary judgment in this action based on 42 U.S.C. § 1981. Plaintiff opposes the motion. For the reasons that follow, the motion is granted in part and denied in part.

Plaintiff, who is black, alleges in substance that during a job interview held on February 20, 1970 at Stanford University, where plaintiff was then a Business School student, defendant John Jamison told him that Jamison could not offer him a job with the defendant company because of the racial prejudice of another partner in the company. Plaintiff seeks declaratory and injunctive relief as well as damages.

Defendants contend as the basis for their motion that plaintiff is entitled to no relief because he was subsequently offered a job by the company and turned it down.

Plaintiff originally commenced this action under Title VII of the 1964 Civil Rights Act, which is the statute designed to remedy discrimination in em-

ployment. Prior to filing his complaint he had duly exhausted the appropriate state and federal administrative remedies. However, Judge Cannella dismissed the complaint on the ground that it had not been timely filed, and permitted plaintiff to replead to assert a claim under 42 U.S.C. § 1981. Judge Cannella also rejected plaintiff's motion to bring his suit as a class action. Jurisdiction now rests on 28 U.S.C. § 1343(4).

■ Defendant suggests that § 1981 provides very tenuous ground on which to rest this action against a private employer for money damages. Impressive authority is to the contrary. The Third (Young v. International Telephone & Telegraph [1971] 438 F.2d 757), Fifth (Sanders v. Dobbs Houses Inc. [1970] 431 F.2d 1097, cert. den., 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231), and Seventh (Waters v. Wisconsin Steel Works of International Harvester Company [1970] 427 F.2d 476) Circuits have held that § 1981 contains no state action requirement and that Title VII neither repealed nor pre-empted it. The Second Circuit would appear to agree with the latter point, having recently noted in a "Title VII" decision that

> "Not insignificantly, in debating the Equal Employment Opportunity Act, Congress refused to make Title VII the exclusive statutory basis for private suits against employment discrimination and continued to allow suits to be brought, for example, under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. [cit. omitted]."

Williamson et al. v. Bethlehem Steel, 468 F.2d 1201, at 1204, fn. 2.

The Circuit Courts have reasoned by analogy to Jones v. Mayer (1968) 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189, which upheld the constitutionality of 42 U.S.C. § 1982, a section that derives from the same Reconstruction statute as § 1981. *Jones,* in permitting injunctive relief, expressly reserved the question of whether compensatory damages could be awarded under § 1982.

In Sullivan et al. v. Little Hunting Park (1969), 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386, also brought under § 1982, the majority held that both 42 U.S.C. § 1988 and 28 U.S.C. § 1343(4) sanction the award of damages to plaintiffs who prevail under § 1982.

Plaintiff would thus be entitled to damages if he has suffered any. I turn now to that issue.

■ Defendants say, by their attorney's affidavit, that the plaintiff was offered the job for which he originally applied on October 16, 1970, during a conference called by the New York State Division of Human Rights, which was attended by the affiant, plaintiff, and defendants. The fact that the offer was made and rejected is also referred to in the Conciliation Agreement that was proposed by the Human Rights Division and accepted by defendants.

Plaintiff does not flatly deny that he was offered and turned down the job on October 16th, but instead takes the position that nothing that occurred during the administrative proceedings is admissible or relevant here. I disagree. The evidentiary rule against admitting offers of compromise made by parties in the course of settlement negotiations is one designed to protect them from damaging admissions and thus to encourage them to attempt to settle their disputes. It has no applicability to the situation here. As the offer was made during a state proceeding, I need not decide whether 42 U.S.C.A. § 2000e–5(a) would preclude proof of the offer of employment had it been made in a federal proceeding.

■ Accordingly I find that plaintiff was offered a job by defendants on October 16, 1970, and therefore that plaintiff cannot have suffered any damage beyond that date as a result of the alleged discrimination. Were any damages due plaintiff at all, they would be only for the period between plaintiff's graduation from the Stanford Business School in June 1970, and the date of defendants' job offer—October 16, 1970.

Whether in fact any damage was suffered, during those months is of course a matter of proof.

The defendants' motion for summary judgment is granted insofar as—assuming that liability is proved at trial—I restrict the measure of damages to the period from June to October 1970, plus any punitive damages to which he may be able to show that he is entitled. *Cf.* Stolberg v. Board of Trustees for the State Colleges of the State of Conn., 2d Cir., 474 F.2d 485, decided Jan. 29, 1973.