Jasen, J.
In September, 1970, the petitioner, Marilyn Sontag, received a provisional civil service appointment as an audiovisual aid technician at Hunter College in the City of New York. In early 1972, she took and passed the written civil service examination for the.position, but failed a portion of the physical test requiring a candidate “ by sheer muscular effort, to raise a 25-pound dumbbell with one hand and then a 20-pound dumbbell with the other from a stop position at the shoulder to full arm vertical extension.” As a result, and in accordance with the *200 job. specifications for an audio-visual aid technician, Miss Sontag received a failing grade on the entire test and was subsequently released from her position at Hunter College. All male candidates taking the examination passed the dumbbell lift subtest, one of whom was ultimately hired to fill the vacancy created by Miss Sontag’s departure.[1]
A review proceeding pursuant to CPLR article 78 was then . brought, seeking, on constitutional grounds, excision of the dumbbell lift subtest from the physical examination for the position of audio-visual aid technician and certification of petitioner for that position. -Special Term denied the application and dismissed the petition without a hearing. The Appellate Division, by a divided court, affirmed and the petitioner appeals as of right.
On this appeal, petitioner urges that the dumbbell lift subtest bears no reasonable relationship to the performance of the • duties of an audio-visual aid technician and that it discriminates invidiously on the basis of sex in violation of section 296 of the Executive Law, title VII of the Civil Rights Act of 1964, and the equal protection clause of the Fourteenth Amendment.
We conclude that if was error for Special Term to dismiss the petition without a hearing. Accordingly, there should be a ■ reversal, the petition should be reinstated and the matter remanded for that purpose. A neutral hiring standard which . in operation and effect adversely affects employment opportunity for a protected class of persons is not proscribed by the applicable statutes if it bears a rational relationship to job performance. Adjudication of petitioner’s claim that the dumbbell lift subtest lacks such a rational relationship and, thus, discrim- . inates invidiously on the basis of sex, turns on the relationship, if any, between the duties of the audio-visual aid technician and the handling, moving, carrying, etc., of heavy objects. In this regard, the record is insufficient and, accordingly,, we remand for a hearing.
■ The governing principles may be briefly set out. Section 296 of the Executive Law prohibits discrimination in employment *201 on the basis of sex.[2] It is equally true, however, that employers have wide discretion in developing hiring standards and related tests. (Matter of Pollak v. Conway, 276 App. Div. 435, mot. for lv. to app. den. 301 N. Y. 816.) But when a hiring standard, although neutral on its face or even neutral in terms of intent, adversely affects equal employment opportunity for a protected • class of persons, judicial scrutiny of that hiring criterion is warranted. (See New York State Div. of Human Rights v. New York-Pennsylvania Professional Baseball League, 36 A D 2d 364, affd. 29 N Y 2d 921; State Div. of Human Rights v. New York City Dept, of Parks & Recreation, 38 A D 2d 25, 26-28.) It is then incumbent upon the employer to show that the standard or test bears a rational relationship to and is a valid predictor of employee job performance, and that it does not create an arbitrary, artificial and unnecessary barrier to employment which operates invidiously to discriminate on the basis of an impermissible classification. (See New York State Div. of Human Rights v. New York-Pennsylvania Professional Baseball League, supra; State Div. of Human Rights v. New York City Dept, of Parks & Recreation, supra; cf. Weeks v. Southern Bell Tel. e Tel. Co., 408 F. 2d 228, 235-236 [5th Cir.].)
Turning to the record before us, it is deficient with regard to the critical question on which adjudication of the claim of sex-based discrimination turns, namely the relationship, if any, between the duties of the audio-visual aid technician and the handling, moving, carrying, etc., of heavy objects. For example, an addendum to a field audit report on the position of audiovisual aid technician lists the following as “ physically taxing jobs ’ ’ performed:
“ Lifts projectors weighing approximately 25 pounds.
“ Carries projectors from storage area to car and from car into school at which he is working.
*202 * ‘ Drives car in performance of duties. ’ ’
But the record is notably silent with regard to the manner of handling heavy equipment as it might bear on the reasonableness of a physical test such as the dumbbell lift subtest. For example, must the audio-visual aid technician remove and replace heavy equipment from and on storage shelves located at or above shoulder height? We note also the critical fact issue raised by the petition and answer regarding the weight of a typical piece of projection equipment. A letter from the audiovisual aid co-ordinator at Hunter College High School, appended as an exhibit to the petition, describes such equipment as weighing between 35 and 40 pounds. As can be seen, this figure is at variance with the Department of Personnel’s own estimate of the weight of such equipment as being approximately 25 pounds. Resolution of these questions is critical to adjudication of the claim that the test discriminates invidiously on the basis of sex, and, we are persuaded, requires a hearing.
Since there is need for a hearing, it would be well .to receive additional evidence on the threshhold question of whether the dumbbell lift subtest adversely affects equal employment opportunity for women as a class. Special Term apparently assumed it did, but there is no specific finding to that effect. However, the record merely reveals that 43 persons, 41 men and 2 women, took the test, that all the men passed and the 2 women, petitioner and another, failed. There is.no other evidence in the record, physiological, statistical or otherwise, bearing on the ability of women, as a class, to lift from the shoulder a 25-pound weight with one hand and then a 20-pound weight with the other hand. (Compare State Div. of Human Rights v. New York City Dept, of Parks & Recreation, 38 A D 2d, at pp. 26-27 [statistics established that 90% of women in the age category of 17 through 34 do not meet the minimum height, while 60% do not meet the minimum weight requirements established by the city for employment as a lifeguard]; New York State Div. of Human Rights v. New Y ark-P ennsylvania Professional Baseball League, 36 A D 2d, at p: 369 [evidence established that required height and weight standards barred 99% of all women from consideration for employment as professional baseball umpires]; Griggs v. Duke Power Co., 401 U. S. 424,430, n. 6 [North Carolina census statistics showed that 88% of Negro males could.not meet the *203 high school education requirement established for employment in certain positions].)
Accordingly, the order of the Appellate Division should be reversed, the petition reinstated and the matter remanded to Special Term for further proceedings consistent with this opinion.
Chief Judge Fuld and Judges Burke, Breitel, Gabrielli, •Jones and Wachtler concur.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. Sophie Stepinoff, a petitioner below, also failed the dumbbell lift subtest. However, in January of this year, she accepted a non-civil-service position with the City University and is not an appellant in this court.

. Title VII of the Civil Rights Act of 1964 (U. S. Code, tit. 42, § 2000e et seq.), as amended by the Equal Employment Opportunity Act of 1972 (Public Law 92-261, 86 U. S. Stat. 103), also proscribes discrimination in employment (public or private) on the basis of sex and provides , a mechanism for redressing grievances. Sex based classifications may also invite close judicial scrutiny as inherently suspect under the equal protection clause of the Fourteenth Amendment. (Reed v. Reed, 404 U. S. 71; cf. Frontiero v. Richardson, 411 U. S. 677; see, generally, T. Murphy, Sex Discrimination in Employment— Can We Legislate a Solution?, 17 N. Y. L. F. 437, 467-471.)