**Ansel FICKLIN and William T. Jefferson**

v.

**Edmond SABATINI, Regional Representative of the Social Security Administration, et al.**

**Civ. A. No. 73–1464.**

United States District Court,
E. D. Pennsylvania.

March 20, 1974.

J. Anthony Messina, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Jr., Asst. U. S. Atty., Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiffs, one former and one present employee of the Social Security Administration, Philadelphia Payment Center, have brought this action on their own behalf and on behalf of all other persons similarly situated [1] to redress alleged discriminatory employment practices at the Payment Center. The complaint, based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, seeks declaratory and injunctive relief.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1361, also 42 U.S.C. § 2000e–5(f)(3) and § 2000e–16(c).

Defendants have filed a motion to dismiss the complaint on the ground that the Court lacks jurisdiction over the subject matter of the within action. For reasons enumerated hereinafter, defendants' motion will be denied.

The initial question raised by defendants' motion to dismiss is whether

1. The question of class representation is not presently before the Court.

Federal employees may rely on 42 U.S.C. § 1981 to contest alleged racial discrimination in Federal employment.[2] Section 1981 is derived from the 1866 Civil Rights Act, Young v. International Telephone and Telegraph Co., 438 F.2d 757, 759 (3rd Cir. 1971), which Act was passed as a *means of enforcing the provisions* of the Thirteenth Amendment. District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). The Thirteenth Amendment, unlike the Fourteenth, has consistently been construed to prohibit all discrimination, public and private, in the making of contracts and the sale or rental of property. District of Columbia v. Carter, *supra* at p. 423, 93 S.Ct. 602; Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969).

In the *District of Columbia* case, the Supreme Court, relying on principles enunciated in Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968),[3] declared:

> " . . . like the Amendment upon which it is based, § 1982 is not a 'mere prohibition of State laws establishing or upholding' racial discrimination in the sale or rental of property but, rather, an 'absolute' bar to *all* such discrimination, private as well as public, federal as well as state." 409 U.S. at p. 422, 93 S.Ct. at p. 605.

■ As the language in *District of Columbia* makes clear, racial discrimination by Federal authorities in the sale or rental of property is prohibited by Section 1982. Plaintiffs argue that because of the common Thirteenth Amendment derivation of §§ 1981 and 1982, Jones v. Alfred H. Mayer Co., *supra*, and Young v. International Telephone and Telegraph Co., *supra,* 438 F.2d at p. 760, § 1981 must be interpreted to prohibit discrimination in Federal employment.

The Court is in agreement with plaintiffs' contention as to the applicability of § 1981 to Federal employment discrimination. *In accord*, Baker v. F & F Investment Co., 489 F.2d 829 (7th Cir. 1973).

In that § 1981 was enacted to protect the rights of all persons to be free from discriminatory employment practices, the jurisdiction of the Court was properly invoked pursuant to 28 U.S.C. § 1343(4). Section 1343(4) provides:

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> \* \* \* \* \* \*
>
> "(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

■ Defendants contend that the failure to allege an amount in controversy in excess of $10,000 is fatal to plaintiffs' cause of action under §§ 1981 and 1343(4). This assertion is incorrect. In cases in which the jurisdiction of a Federal District Court is invoked to award damages or equitable relief under an Act of Congress providing for the protection of civil rights (in this case, § 1981), Federal jurisdiction does not require an allegation of an amount in controversy. Jones v. Alfred H. Mayer Co., *supra,* 392 U.S. at p. 412, n. 1, 88 S.Ct. 2186; Blume v. City of Deland, 358 F.2d 698 (5th Cir. 1966).

■■ Defendants further contend in their motion to dismiss that plaintiff, Ansel Ficklin, does not have a cause of action under 42 U.S.C. § 2000e–16. It is argued that since Ficklin's administrative claim was filed prior to March 24, 1972, the effective date of the above statute, the Court lacks jurisdiction over

---

2. Section 1981 provides, in pertinent part: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ."

3. The Supreme Court held in Jones v. Alfred H. Mayer Co. that 42 U.S.C. § 1982 prohibits discrimination by private persons in the sale and rental of property, as well as discrimination by a state or those acting pursuant to state law.

such claim of employment discrimination. Plaintiff's administrative complaint was filed in January, 1971. A final agency decision in respect to the administrative complaint had not been reached as of March 24, 1972. As to claims of Federal Government employment discrimination pending before Federal agencies as of the effective date of 42 U.S.C. § 2000e–16, the statute is given retroactive effect. Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973); Walker v. Kleindienst, 357 F.Supp. 749 (D.D.C.1973).

In that both plaintiffs have stated a cause of action under 42 U.S.C. § 1981 and that plaintiff Ficklin has stated a cause of action under 42 U.S.C. § 2000e, defendants' motion to dismiss must be denied.