■ In the Matter of ADRENA F. SPRUILS, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City

Transit Authority, dated March 4, 1976, which, after a hearing, directed that petitioner be discharged from her position as a typist on the ground of misconduct, effective January 27, 1976. Petition granted; determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner with back pay from the date of her removal, less the amount of any compensation which she may have earned from any other employment or occupation and any unemployment insurance benefits that she may have received during such period. The transit authority's *blanket exclusion* from employment of persons using methadone is unconstitutional, arbitrary and capricious, and has "no rational relation to the demands of the jobs to be performed" for the authority *(Beazer v New York City Tr. Auth.,* 399 F Supp 1032, 1057, mod 558 F2d 97, mot for reh den [dec Feb. 1, 1978]). As the United States Court of Appeals stated in the *Beazer* case (558 F2d 97, 99, *supra)* the transit authority is not prevented "from making regulations to ensure that past or present methadone users are proven to be employable and to prevent their employment in safety-sensitive jobs." Latham, J. P., Damiani, Gulotta and O'Connor, JJ., concur.