■ CARMEN BRUNO et al., Respondents, v MICHAEL CODD, as Commissioner of the New York City Police Department, et al., Appellants.—To the extent appealed from, and to the extent not mooted as hereinafter set forth, order, Supreme Court, New York County, entered August 25, 1977, reversed, on the law, and the cross motions of defendants-appellants made severally to dismiss the complaint, whether based on CPLR 3211 (subd [a], par 7) or CPLR 3212 (subd [b]), granted, without costs and without disbursements. No appeal was taken by plaintiffs-respondents from denial of their motion for class action status (CPLR 902). As to the so-called "Police defendants" (McGuire [as successor to Codd], Schryber, Ravens, Corridan, James T. Sullivan, Devitt and Peters), the parties have, in a written stipulation dated June 26, 1978 placed on file together with its covering letter from counsel for plaintiffs-respondents, consented to a decree settling the issues as to

those defendants and the plaintiffs; therefore, as to the police defendants, represented by the Corporation Counsel, the appeal is dismissed, without costs, as moot. This action is brought by a group of women, who have been characterized by the various news media as "battered wives", against several groups of defendants, the administrative heads and various superior officials of the New York City Police Department, and the probation officers and clerks of the Family Court. It is claimed that, "with knowledge, authorization and approval" of the named defendants in each category, i.e., the police commissioner and over-all police commanders in Manhattan and Brooklyn, "the named supervisory Probation defendants" and "the named supervisory Clerk defendants" in the Family Court, "as a matter of regular policy, practice and procedure, and on a massive widespread scale", plaintiffs and others similarly situated have been, to state it succinctly, completely deprived of the protection of these agencies from their criminally assaultive husbands. Various forms of relief are sought, setting forth in specific detail the orders which should be given to all of these officials to assure prompt and effective redress to plaintiffs and others similarly victimized, as well as to provide preventive measures against recurrence. In short, that defendants should enforce applicable statutes. No person in his right mind can deny that wife-beating, carried over from primordial times, is a great social evil which should be scotched, and that any public official, who is charged with the duty of preventing it either initially or in repetition, or of punishing its perpetration, should be required to do his duty fully and completely. However, the difficulty with the papers before us is that they speak in generalities, and, when specific instances are recited, they are not attributable to any of the named defendants but only to those officials, mostly unidentified, with whom contact has been had. There is nothing found in the record to establish that any of the defendants, whether identified by name or by office, has done anything affecting plaintiffs or any of them directly or indirectly. No case is established in the complaint or supporting papers against any defendant. There is nothing whatever to indicate the existence of a conspiracy, or agreement, or even joint or complementary action between or amongst the defendants or any of them. There are no issues framed by the pleadings requiring a trial because, even accepting plaintiffs' allegations at face value, they do not make out a case. Nor can they be held responsible in the premises for the action of subordinates which may deprive plaintiffs of their civil rights, in the absence of a showing that those actions were by superior direction on some theory of *respondeat superior*. (Cf. *Monell v Department of Social Servs.*, — US —, 46 USLW 4569.) Further, to grant the broad relief here sought would be to involve the Supreme Court in such a broad invasion of executive authority as to risk the danger of unconstitutional encroachment. (Cf. *Matter of Perazzo v Lindsay,* 30 AD2d 179, affd 23 NY2d 764.) And the declaration sought, i.e., to have these officials enforce the statutes would add nothing that the statutes themselves do not say. Plaintiffs have misapprehended their remedy. This is not by any means to say that plaintiffs are without a remedy. There is one at the administrative level by complaint directly to the supervisory administrative head of each agency in a specific case. Then, were the complaint not attended to or were it arbitrarily dismissed, the Supreme Court would be available to grant appropriate relief in an appropriate proceeding. But, at this juncture, on the record before us, we conclude in the exercise of discretion that the complaint does not present a properly justiciable cause, either factually or in law. Concur—Birns, Silverman, Evans and Markewich, JJ.; Murphy, P. J., dissents in a memorandum as

follows: The plaintiffs, 12 "battered wives", brought this action for declaratory and injunctive relief against officials and employees in the police department, the Department of Probation and the Family Court. Plaintiffs allege a pattern and practice of discrimination and misconduct against them by reason of defendants' failure to enforce and comply with controlling statutes and regulations. They submit approximately 70 affidavits from wives who claim discriminatory or abusive treatment at the hands of the defendants. The plaintiffs allege that the police, as a matter of policy, do not arrest the husband when called to a residence on the complaint of a battered wife. They maintain, *inter alia,* that the penal statute for assault should be enforced by the police.\* With regard to the Department of Probation, plaintiffs assert that its personnel normally discourage protective orders and make it difficult to obtain access to a Family Court Judge. They aver that Family Court clerks, as a matter of regular course, refuse to prepare petitions for protective orders unless the wives show they are seriously injured. The examples, delineated above, are typical of the diverse complaints found in the 70 affidavits submitted by the plaintiffs. Upon its face, the complaint states a basis for relief founded upon the discriminatory enforcement of the law by public servants (cf. *Santiago v City of Philadelphia,* 435 F Supp 136, 144). The more critical question presented is whether this action can withstand defendants' request for summary judgment. While the intentional or purposeful discrimination in the administration of an otherwise nondiscriminatory law violates the equal protection clauses in the Federal and State Constitutions, one who alleges discriminatory enforcement must meet the heavy burden of showing conscious, intentional discrimination. The conscious exercise of some selectivity in the enforcement of the law is not in itself a constitutional violation. *(People v Goodman,* 31 NY2d 262, 268; *Matter of Di Maggio v Brown,* 19 NY2d 283, 291.) In this proceeding, the plaintiffs have come forward with countless affidavits suggesting that, under varied circumstances, "battered wives" have been denied equal protection of the laws. The defendants, in their affidavits, maintain that their personnel are properly instructed to follow correct procedures in handling "battered wives" cases. However, the defendants do not deny that, in actuality and practice, there may be a latent policy of discrimination against "battered wives". The facts, as developed at trial, may demonstrate that these three agencies consciously condone a latent policy of discrimination by their failure to take any corrective measures against this allegedly pervaisve abuse. Parenthetically, I note that, only recently, the United States Supreme Court has held the City of New York accountable for another discriminatory practice against women *(Monell v Department of Social Servs.,* — US —, 46 USLW 4569). In that background, the plaintiffs' present charge of discrimination should not be summarily disregarded by the majority without further inquiry. Upon this record, I feel that plaintiffs have made a prima facie showing that warrants a plenary trial (cf. *Matter of Sontag v Bronstein,* 33 NY2d 197). At that trial, a determination can properly be made as to whether there is substance to plaintiffs' charges, and if so, whether the violations represent isolated instances of abuse or a conscious policy condoning maltreatment and discrimination. For these reasons, I would deny defendants' motions for summary judgment and I would vote to affirm in all respects. [90 Misc 2d 1047.]

---

\* Since argument of the appeal, a stipulation of settlement has been entered into between plaintiffs and the New York City Police Department.