Ferdinand WILLIAMS, Plaintiff,

v.

INTERSTATE MOTOR FREIGHT SYSTEMS and the Commission of Human Rights of the City of New York, Defendants.

No. 76 Civ. 5613 (VLB).

United States District Court, S. D. New York.

June 14, 1978.

On Motion to Reargue Sept. 27, 1978.

Ferdinand Williams, pro se.

Steven M. Goldberg, Asst. Corp. Counsel, Law Dept., New York City, for defendant Commission of Human Rights of the City of New York.

Shea, Gould, Climenko & Casey, New York City, for defendant Interstate Motor Freight Systems.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff brings this action alleging violations of his civil rights under 42 U.S.C. § 1981 through 1988. Specifically plaintiff charges defendant Interstate Motor Freight Systems ("Interstate") with terminating his employment on the grounds of race. He charges defendant Commission on Human Rights of the City of New York ("the Commission") with violation of his rights through its decision upholding the termination and its finding that Interstate did not terminate plaintiff's employment because of race.

Defendants Interstate and the Commission have filed motions pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

For the reasons hereafter stated, the complaint against the Commission is dismissed in its entirety, without prejudice to its renewal. The complaint against Interstate is dismissed as to causes of action under 42 U.S.C. Sections 1983, 1985 and 1986, without prejudice to its renewal.[1] The complaint against Interstate as to caus-

---

1. Because I have dismissed plaintiff's complaint without prejudice to its renewal with proper allegations, I shall address defendants' contention that plaintiff's claim is barred by the statute of limitations.

The applicable statute of limitations is three years pursuant to N.Y. CPLR § 214(2). *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir. 1977). Plaintiff was dismissed on November 7, 1973 and filed his complaint on December 17, 1976. Therefore, in the absence of a tolling of the statute, plaintiff's claim is barred.

"It is well settled that the federal courts have the power to toll statutes of limitations borrowed from state law in appropriate circumstances." *Meyer v. Frank, supra* at 729.

The court in *Meyer* found also that whether a statute of limitations should be tolled must be determined in light of the policy underlying the federal cause of action. *Id.*

In *Mizell v. North Broward Hospital District*, 427 F.2d 468 (5th Cir. 1970), the Court of Appeals for the Fifth Circuit held that the state statute of limitations could be tolled in a Section 1983 action for the period of time during which plaintiff was pursuing state administrative remedies.

The Court of Appeals for the Second Circuit has refused to toll the limitations period in Section 1983 actions, but in each case where it has so held, the court distinguished the *Mizell* case and specifically left open a determination on the facts before the court in *Mizell* and before me in this case. *Williams v. Walsh*, 558 F.2d 667, 673 n.5 (2d Cir. 1977); *Meyer v. Frank*, 550 F.2d 726, 729 n.8 (2d Cir. 1977). In *Meyer*, plaintiff had presented a federal claim in state court in addition to state claims. Similarly, in *Williams*, "the § 1983 plaintiff's prior excursion into state court included a presentation of *both* state-created law claims and feder-

es of action under 42 U.S.C. Sections 1981 and 1982 is retained, pending a hearing on the issue of qualification for employment discussed below.

Plaintiff initially worked for Interstate on a day-by-day basis. He was asked to complete an employment application form so he could thereafter be considered a permanent employee, and he did so. On November 7, 1973, plaintiff was notified of the denial of his application for permanent employment and discharged from all employment for material falsification of his employment application with respect to arrests.[2]

The employment application form called for applicants to list any arrests or indictments and give dates and dispositions of the charges. Plaintiff listed on the form itself a 1947 arrest for robbery. The application

---

al constitutional claims." *Williams v. Walsh, supra* at 674.

In the case before me, plaintiff never presented his claims in state court and clearly was under no obligation to do so whether initially or on appeal from the Commission's ruling. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). *See also Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 276 (2d Cir. 1977).

Plaintiff presented his claim that he had in fact accurately and fully completed his employment application, before the New York State Department of Labor and the New Jersey State Board of Mediation. Plaintiff did allege before the Commission on Human Rights of the City of New York that defendant Interstate terminated his employment because of race. However, the claim before the Commission alleged violation of the Administrative Code of the City of New York; it was not based on federal constitutional law.

Therefore, this case, unlike *Meyer, supra*, and *Williams, supra*, does warrant application of a tolling provision.

Tolling during presentation of claims before an administrative agency is called for not merely to encourage initial presentation of claims to state agencies, *Mizell, supra*, but for reasons of equity. In the Second Circuit, a plaintiff is required to exhaust administrative remedies before presenting his Section 1983 claim in federal court, except where the administrative remedy is inadequate or where it is certainly or probably futile, which is not the situation before me. *Fuentes v. Roher*, 519 F.2d 379, 386 (2d Cir. 1975); *Eisen v. Eastland* 421 F.2d 560, 569 (2d Cir. 1969), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *James v. Board of Education of Central Dist. No. 1*, 461 F.2d 566, 570–7 (2d Cir.), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 491 (1972). *See also Gonzalez v. Shanker*, 533 F.2d 832, 834 (2d Cir. 1976).

I find that the statute of limitations on plaintiff's Section 1983 action was tolled between the filing of his claim with the Department of Labor and the rendition of the decision by the Commission on Human Rights.

2. There may be an issue of fact as to whether incomplete information as to plaintiff's arrest record could constitute a "material" falsification.

According to a "rap sheet" provided by the New York City Police Department, plaintiff was arrested in 1932 for juvenile delinquency (larceny); in 1933 for petty larceny; in 1935 for assault and robbery; in 1947 for assault and robbery (mugging); and in 1970 for a drug violation.

After plaintiff had served nine years of a seven to fifteen year sentence on the 1935 arrest and conviction, the conviction and sentence was modified to assault third degree with a prison term of one year, which had already been served. Assault, third degree is a misdemeanor in New York. New York Penal Law § 120.00. Plaintiff stated on cross-examination before the New Jersey State Mediation Board that there was no conviction on the 1947 arrest, while the rap sheet clearly indicates that he was sentenced to 30–60 years on the charge.

He also alleges that his 1933 conviction was later set aside. There was no conviction on the 1970 drug violation.

The discrepancy as to the 1947 violation and the issue as to whether the 1933 conviction was set aside are important because, according to a consent decree entered into by Interstate in federal court for the Western District of Michigan (Civil Action No. G 137–72, June 29, 1972), no applicant may be denied employment solely because of an arrest record with no convictions. An applicant may be denied employment if he has a felony theft or larceny conviction; if he has more than three criminal convictions within three years prior to the application which resulted in suspended sentence or probation of thirty days or less; or if he has any criminal convictions within three years prior to the application which resulted in a fine of $25 or more, or a sentence, suspended sentence or probation of thirty days or more or both.

The only section of the consent decree which could be applicable is that with respect to conviction of a felony, theft or larceny, and the only relevant items in plaintiff's arrest history are the 1947 conviction if, in fact, he was convicted, and the 1933 conviction, if it was not set aside.

provided only one line for such information, instructing applicants to attach an additional sheet if necessary. Plaintiff alleges that he attached an additional sheet with complete information as to five arrests and that Interstate lost the extra sheet. Interstate claims that plaintiff did not attach the additional information and so was properly discharged.

Presumably, plaintiff's allegations of racial discrimination stem from the inference that if Interstate did not have grounds to discharge him properly, it discharged him because of race.

Plaintiff challenged the dismissal on factual grounds before the New York State Department of Labor and the New Jersey State Board of Mediation. The dismissal was upheld by these bodies in decisions rendered January 28, 1974 and February 19, 1974, respectively. On April 2, 1974, plaintiff filed a charge against Interstate with the Commission, alleging that he was dismissed on account of race, in violation of the Administrative Code of the City of New York. On June 9, 1975, the Commission rendered its decision holding that there was no probable cause for plaintiff's charge against Interstate. Plaintiff filed this action on December 17, 1976, alleging violations of the Civil Rights laws, 42 U.S.C. Sections 1981 through 1988. Alleged substantive violations are charted in Sections 1981, 1982, 1983, 1985 and 1986.

■ Section 1983 prohibits deprivation of civil rights by any person acting under color of state law. There is no allegation that Interstate acted under color of state law and so the Section 1983 claim is dismissed as to Interstate. Plaintiff's 1983 claim against the Commission is presumably based upon the Commission's decision upholding the discharge. This conclusory argument, with no "specific allegations of fact indicating a deprivation of civil rights" does not state a claim under Section 1983. *See Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976).

■ Section 1985 prohibits a conspiracy to violate one's civil rights. Plaintiff apparently argues that the Commission's decision upholding the action of Interstate equaled a conspiracy by Interstate and the Commission to violate his rights. Such baseless conclusory allegations are insufficient to state a claim under Section 1985. *Id.* Delay of decision by the Human Rights Commission until June 9, 1975 certainly states no claim. *Powell v. Workmen's Compensation Board of State of New York*, 327 F.2d 131, 137 (2d Cir. 1964).

Section 1986 provides that:

[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages . . . .

Plaintiff has alleged no facts indicating a violation of this section. In fact, he does not discuss this section per se, but has included it in his civil rights claim potpourri. Although I have construed the complaint in this *pro se* action liberally, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Birnbaum v. Trussell*, 347 F.2d 86, 90 (2d Cir. 1965), I find no basis for this claim.

■ Section 1981 provides for equal rights under the law. Section 1982 provides for equal rights regarding property. A claim based upon either or both of these sections does not require allegations or proof of state action. Rather, these sections provide for suits against private parties. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Cofield v. Goldman, Sachs & Co.*, 364 F.Supp. 1372 (S.D.N.Y.1973).

■ Section 1981 clearly applies to discrimination in employment. *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Section 1982 also has been held applicable to the employment field. *See, e. g., Ficklin v. Sabatini*, 378 F.Supp. 19 (E.D.Pa.1974), as to federal employers.

■ While some courts have held that the "person" limitation of Section 1983 applies also to Section 1981 and 1982, I adhere to the view that there is no requirement that Sections 1981 and 1982 defendants must be "persons" as per Section 1983. *See Skyers v. Port Authority of New York and New Jersey,* 431 F.Supp. 79, 83–84 (S.D.N.Y.1976).

■ The Second Circuit requirement of exhaustion of administrative remedies has been held to apply to actions based on Sections 1981 and 1982. *Gonzalez v. Shanker,* 533 F.2d 832 (2d Cir. 1976); *Fuentes v. Roher,* 519 F.2d 379 (2d Cir. 1975). Plaintiff has sufficiently exhausted administrative remedies in this case through his applications to the New York State Department of Labor, the New Jersey State Board of Mediation and the Human Rights Commission of the City of New York. Although plaintiff did not file a claim with the Equal Employment Opportunity Commission, his failure does not bar suit under Section 1981. *See Percy v. Brennan,* 384 F.Supp. 800, 806–07 (S.D.N.Y.1974).

Thus, I must decide whether plaintiff has established a prima facie case under Sections 1981 and 1982 against Interstate and the Commission.

■ In order for plaintiff to make out a prima facie case, he must establish that 1) he belongs to a racial minority; 2) he applied and was qualified for a job for which the employer was seeking applicants; 3) despite his qualifications, he was rejected; and 4) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *Alvarez-Ugarte v. City of New York,* 391 F.Supp. 1223, 1226 (S.D.N.Y.1975), *citing, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

It is clear that plaintiff cannot establish a prima facie case against the Commission. Plaintiff never applied for a job with the Commission. His complaint against the Commission based on Sections 1981 and 1982 is dismissed.

■ Plaintiff does belong to a racial minority, and he did apply for a job with Interstate. With respect to other requisite elements under Sections 1981 and 1982 there are issues of fact which foreclose a decision upon the papers before me. Interstate claims that plaintiff falsified his employment application and so was not "qualified" for the job. Plaintiff claims that he did not falsify the application but that Interstate lost the information provided. I find that a hearing is necessary on this issue.

SO ORDERED.

### ON MOTION TO REARGUE

By Order dated June 14, 1978, I dismissed certain claims in plaintiff's complaint without prejudice to their renewal and upheld other claims, holding that the statute of limitations should be tolled for the time between the filing of plaintiff's complaint with the Department of Labor and the rendition of the decision by the Commission on Human Rights of the City of New York.

Defendant Interstate Motor Freight System ("Interstate") has filed a motion for reargument of that portion of my Order of June 14 which holds that the statute of limitations should be tolled. I grant defendant's motion for reargument and upon reconsideration I adhere to my decision of June 14, 1978.

Interstate claims that the statute of limitations' should not be tolled because plaintiff did not commence any suit in state court. Interstate contends that this fact fatally distinguishes the instant case from *Mizell v. North Broward Hospital District,* 427 F.2d 468 (5th Cir. 1970) and that the Court of Appeals for the Second Circuit would decline to follow *Mizell* in this case, citing *Williams v. Walsh,* 558 F.2d 667 (2d Cir. 1977) and *Meyer v. Frank,* 550 F.2d 726 (2d Cir. 1977), both discussed in my Order of June 14.

Interstate's contention that plaintiff's failure to present his claims to a state court bars tolling is not persuasive. As stated in the June 14 Order, plaintiff was under no

obligation to present his claim to a state court, but he was obligated to exhaust state administrative remedies, which he did.

The different effects of and different posture in which utilization of state administrative procedures is viewed compared with state court proceedings is indicated in the application of the doctrine of *res judicata* in *Mitchell v. National Broadcasting Company*, 553 F.2d 265, 276 (2d Cir. 1977):

> By invoking res judicata when a claimant crosses the line between state agency and state judicial proceedings [and not before], we still allow the expertise of the state agency to be applied to the claim of discrimination; a method is still available for resolution of a grievance without resort to the federal courts; and proper deference is paid to the state's own interest in obviating discrimination through its agency process. . . . At the same time, a plaintiff is not forced into the Catch-22 choice of complying with exhaustion requirements and barring a federal claim or bringing a federal claim and suffering dismissal for failure to exhaust. (citations omitted).

■ Similarly, under Interstate's analysis, plaintiff would not be entitled to tolling powers of the federal court unless he had taken his claim not only to the state administrative agencies but also to the state courts, although this does not comport with the rule that plaintiff is under no obligation to resort first to the state court, and as stated in *Mitchell,* would subject plaintiff to assertions of *res judicata.* Therefore, plaintiff's failure to seek redress in the state court does not make this an inappropriate circumstance for tolling the statute of limitations.

Interstate's reliance upon *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) is also misplaced. Interstate quotes from a portion of the opinion in *Johnson* wherein the Court rejects petitioner's policy argument in favor of tolling; the court is persuaded by the fact that petitioner could have brought his claim directly to federal court without first presenting it to the EEOC.

As indicated in my previous Order and reiterated above, in the case before me, unlike *Johnson,* plaintiff was required to present his claim to the agency before commencing a federal action.

SO ORDERED.