■ In the Matter of DOMINGO PEREZ, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Determination by the New York State Human Rights Appeal Board, dated December 20, 1978, affirming dismissal by the New York State Division of Human Rights of petitioner's complaint alleging employment discrimination by the New York State Department of Civil Service, annulled, on the law, without costs, and the matter remanded to the New York State Division of Human Rights in accordance herewith. Petitioner, a 44-year-old Hispanic enrolled in a New York City methadone treatment center, applied for employment with the New York State Department of Civil Service (Department) as an elevator operator and building guard. He was informed that he was medically disqualified for both positions because of his methadone dependence. On this appeal, it now appears that the notification was in error, in part, and that the disqualification was limited to the position of building guard. Petitioner filed a complaint with the New York State Division of Human Rights (Division) alleging that the Department had violated section 296 (subd 1, par [a]) of the Executive Law in that they discriminated against petitioner on the basis of (1) disability and (2) race, color and national origin. The complaint was dismissed without investigation in a brief conclusory determination and order stating that (1) the Division lacked jurisdiction since drug dependence is a social problem and not a disability and (2) it would be inappropriate in light of that determination to reach the issue of discrimination due to race, color and national origin. On appeal to the New York State Human Rights Appeal Board (Appeal Board), the Appeal Board affirmed the Division's determination without opinion. Section 296 (subd 1, par [a]) of the Executive Law provides in pertinent part that: "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the * * * disability * * * of any individual, to refuse to hire or employ * * * such individual." Subdivision 21 of section 292 of the Executive Law defines disability as: "a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking." The issue presented—whether drug dependence is a disability within the meaning of the controlling statutory sections—is clearly one of broad importance. (See *Matter of Spruils v New York City Tr. Auth.,* 61 AD2d 1014.) The record is wholly lacking in the factual information clearly necessary to a determination of the question. No evidence was presented, the determination of the Division referred to no studies pertinent to the question, and the Appeal Board has not favored us with a brief. The problem is further clouded by the failure of the Division to explain how a disqualification squarely based upon a physical disability somehow ceased to be a disability and became a social problem when petitioner filed his complaint. Under these circumstances, it seems appropriate to annul the determination and

remand the matter for further proceedings. (See *Matter of Sontag v Bronstein,* 33 NY2d 197.) In view of this determination, it is unnecessary now to consider petitioner's claim that he had been discriminated against on the basis of race, color and national origin. Accordingly, the determination appealed from is annulled and remanded to the State Division for further proceedings, in which petitioner should be permitted to participate, that will include (1) consideration of the Civil Service Department's classification of methadone dependence as a medical disability; (2) an explanation of the State Division's classification of that condition as a social disqualification if it decides to adhere to that view; and (3) determination of the effect of methadone dependence, if found to be a medical disability, upon the position of elevator operator as well as the separate position of guard. Concur— Murphy, P. J., Sandler, Bloom, Yesawich and Ross, JJ.