In the Matter of LOIS BATTLE, Individually and on Behalf of RAJEIM A. BATTLE, an Infant, Appellant, *v*. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

Second Department, April 22, 1974.

*Leonard S. Clark* (*Nassau County Law Services Committee, Inc.*; *Craig R. Olsen* of counsel), for appellant.

*Joseph Jaspan, County Attorney* (*Benedict F. Romano* and *Biagio F. Giaquinto* of counsel), for Nassau County Department of Social Services, respondent.

Department of Social Services of the State of New York relies on brief for respondent Nassau County Department of Social Services.

Benjamin, J. This is an appeal by the petitioner from a judgment of the Special Term in Nassau County which denied her application pursuant to article 78 of the CPLR (1) to annul a determination of the respondent Department of Social Services of the State of New York, made after a fair hearing, affirming a decision of the respondent local agency reducing the petitioner's public assistance grant; (2) to declare unconstitutional the pertinent provision of the department's regulations; and (3) to direct the respondents to adjust the petitioner's grant, effective May 1, 1973, to include her previously budgeted shelter allowance in the sum of $125 per month.

We reverse the judgment and grant the petitioner all the relief sought by her.

The petitioner was a recipient of aid in the category of Aid to Families with Dependent Children. She was receiving a shelter allowance of $125 per month. She rented one room in a one-family, two-story dwelling. Also residing in the residence were the landlord and his son and daughter and two other tenants. In August of 1972, the petitioner informed the Nassau County Department of Social Services (hereinafter "the agency") that she was pregnant. A child was born in the following March and the birth certificate indicates that the landlord's son is the child's father.

On January 10, 1973, the petitioner received from the agency a notice of intent to reduce her grant by $125 (the amount of the shelter allowance) for the following reason: "Your landlord refuses to provide us with verification of his mortgage so that we can allow you a proportionate share of shelter since you are living with 'friends'." The statutory authority for a reduction based upon one's living with a friend is found in subdivision (c) of section 352.3 of the Regulations of the Department of Social Services of the State of New York, the challenged section. This section states: "For children or adults in receipt of public assistance residing in the home of a self-maintaining nonlegally responsible relative or friend, the allowance for rent and/or other shelter costs shall be computed on a prorated basis." (18 NYCRR 352.3 [c].)

On January 23, 1973, the petitioner requested a fair hearing to review the decision to reduce the grant. A hearing at which the petitioner was represented by counsel was held on April 4, 1973 and a decision affirming the reduction was rendered on April 25, 1973. On May 30, 1973, the petitioner commenced the instant proceeding pursuant to article 78 of the CPLR. Relief was denied and this appeal followed.

We note initially that, while an article 78 proceeding is generally not the proper vehicle by which to challenge the constitutionality of a statute or ordinance, if all of the necessary parties to an action for such relief have appeared in such a proceeding, the court may treat the application as an action for a declaratory judgment and may retain jurisdiction to resolve any constitutional issues (*Matter of Gold* v. *Lomenzo*, 29 N Y 2d 468). The respondents claim here that the Department of Health, Education and Welfare of the United States (H. E. W.) is a necessary party which was not joined in the proceeding. But where a petitioner has not sought to cut off all Federal funds by his action, HEW is not a necessary party (see, e.g., *Shapiro* v. *Thompson,* 394 U. S. 618; *King* v. *Smith,* 392 U. S. 309; *National Welfare Rights Organization* v. *Wyman,* 304 F. Supp. 1346, 1349). Accordingly, for the purposes of reaching the constitutional issue involved, we will consider the relief sought as requesting a declaratory judgment.

The decision at Special Term held, *inter alia,* that the challenged section was not violative of the supremacy clause of the United States Constitution (art. VI, cl. 2) in that it did not contravene subdivision (a) of section 233.90 of title 45 of the Code of Federal Regulations, which states, in relevant part: "The inclusion in the family, or the presence in the home, of

a 'substitute parent', or 'man-in-the-house', or any individual * * * is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the state."

We do not agree and now hold that subdivision (c) of section 352.3 must fall as, on its face, it is violative of the supremacy clause. The section sanctions that which the above-mentioned Federal regulation prohibits.

Two positions have been urged to take subdivision (c) of section 352.3 out of the proscription. Neither succeeds. The first is that the purpose of the State regulation is to forbid a non-eligible individual from 'indirectly receiving State assistance from a qualified recipient by living with that person (the respondents' contention). The second is that the purpose of the State regulation is to assure that the qualified recipient is not receiving additional support from the person with whom he is living.

The first position was expressly rejected and found inconsistent with the above-mentioned Federal regulation in *Hurley* v. *Van Lare* (365 F. Supp. 186). Notwithstanding the respondents' protestations that their concern is that ineligibles not receive a rental stipend, the inevitable result of the State regulation under attack is to reduce, perhaps drastically, the stipend for those who are eligible. Here, the allowance was reduced by 100%, which must force the recipient to attempt to meet the rental payments out of portions of her welfare stipend intended for food and clothing.

The second position has been widely rejected and its assertion in the past actually led Congress to enact subdivision (a) of section 233.90 of the Federal regulation (see *King* v. *Smith*, 392 U. S. 309, *supra; Hurley* v. *Van Lare*, 365 F. Supp. 186, *supra; Boucher* v. *Minter*, 349 F. Supp. 1240). To argue that this position does not contravene the Federal regulation is thus totally without merit.

Accordingly, we reverse the judgment, on the law, without costs but with disbursements, annul the determinations in question, declare subdivision (c) of section 352.3 of the State regulations unconstitutional and direct the respondents to reinstate the shelter allowance to the petitioner as of May 1, 1973.

CHRIST, J. (concurring in part). I concur with the majority that the judgment should be reversed and that the petitioner's shelter allowance should be reinstated. I differ in that I do not find it necessary to reach the constitutionality of subdivision (c) of section 352.3 of the State regulations. That provision pertains only to recipients of welfare aid who are "residing in the

home of a self-maintaining nonlegally responsible relative or friend.'' The petitioner is not such a recipient and does not come within the provision.

The petitioner is unmarried and lives with her year-old infant son in a furnished room for which she pays $125 per month rent. The house is occupied by four separate families with separate accommodations. The landlord's son is the father of the petitioner's child. He does not live with the petitioner and the record shows her to be the sole occupant of her rented room. The landlord grandfather has no obligation to support the petitioner and he does not do so. He charges and collects the rent.

The respondents discontinued the rent allowance to the petitioner because she was unable to procure information about the landlord's mortgage obligations.

The record is devoid of any proof that the petitioner has the mortgage information or whether she could even procure it. There is no evidence to indicate that the rent paid is unreasonable or that the petitioner does not need the shelter allowance. Additionally, there is no proof that the landlord and the petitioner are acting collusively. And the landlord has not been shown to be a responsible relative or friend. It is important to note that the petitioner, while under oath at the hearing, was never examined as to any of these facts.

It would seem to me, as it did to the hearing officer, that to require this petitioner, as a condition to receiving welfare relief payments for shelter, to procure a statement from the landlord concerning his mortgage payments is unreasonable. The best source of this information would be the public mortgage record and, if more is required, a subpoena to the landlord to produce his records and to take testimony concerning them would be in order.

This case must be decided for the appellant whether the State regulation is held constitutional or not. Accordingly, that question is immaterial to the result and we need not reach it.

HOPKINS, Acting P. J., SHAPIRO and BRENNAN, JJ., concur with BENJAMIN, J.; CHRIST, J., concurs, except as to the declaration of unconstitutionality, with a separate opinion.

Judgment reversed, on the law, without costs but with disbursements, respondents' determinations annulled, subdivision (c) of section 352.3 of the Regulations of the Department of Social Services of the State of New York declared unconstitutional and respondents directed to reinstate petitioner's shelter allowance as of May 1, 1973.