OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding whereby petitioners seek an order directing respondent to promulgate rules and regulations establishing a minimum height requirement for eligibility of persons for provisional or permanent appointment in the competitive class of the civil service as police officers.
The respondent, Municipal Police Training Council, hereinafter referred to as MPTC, opposes the petition and cross-moves for an order granting it summary judgment dismissing the petition on the grounds that there are no triable issues of *316 fact and that there is no merit to the cause of action asserted in the petition.
Subdivision 2 of section 840 of the Executive Law provides as follows: "2. The council shall promulgate, and may from time to time amend, such rules and regulations prescribing height, weight and physical fitness requirements for eligibility of persons for provisional or permanent appointment in the competitive class of the civil service as police officers of any county, city, town, village or police district as it deems necessary and proper for the efficient performance of police duties.”
Section 58 (subd 1, par [c]) of the Civil Service Law provides that a person is not eligible for appointment as a police officer unless he satisfies the height, weight and physical fitness requirements of the MPTC pursuant to the provisions of section 840 of the Executive Law.
Respondent adopted a resolution on March 2, 1977 which rescinded the height standard for police officers previously adopted. No different standard was established, and there is presently no height standard in effect.
The respondent contends that, assuming arguendo that it is mandated by statute to promulgate rules and regulations, reinstatement of a height requirement would violate the supremacy clause of the United States Constitution as it would conflict with title VII of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e), and reinstatement of a height requirement would conflict with and violate the State Human Rights Law.
The court must agree with these contentions of the respondent. The height standard here proposed by petitioners clearly constitutes the sort of arbitrary barrier to equal employment opportunity that title VII of the Civil Rights Act of 1964 forbids (Dothard v Rawlinson, 433 US 321; Griggs v Duke Power Co., 401 US 424).
In numerous cases, height requirements similar to the one involved herein, have been struck down as unlawfully discriminatory under title VII in the absence of a job relatedness (League of United Latin Amer. Citizens v City of Santa Ana, 410 F Supp 873; Dothard v Rawlinson, supra). Because of its conflict with title VII, the reinstatement of such a height standard would be rendered invalid by the supremacy clause of the United States Constitution (Nash v Florida Ind. Comm., 389 US 235; King v Smith, 392 US 309; Matter of Battle v Lavine, 44 AD2d 307).
*317 The height requirement demanded by petitioners also violates the State Human Rights Law (Executive Law, § 296).
Therefore, in view of the foregoing, the petitioners’ demand for an order directing respondent to promulgate regulations prescribing a height requirement is denied, and respondent’s motion for summary judgment dismissing the petition is granted.