■ In the Matter of Police Conference of New York, Inc., et al., Appellants, v Municipal Police Training Council, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered October 18, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the respondent to

promulgate rules and regulations establishing certain height requirements for the selection of police officers. This proceeding was commenced on May 3, 1977 by the Police Conference of New York, a nonprofit membership corporation, which has as its objectives the protection of the interests of policemen, the sponsorship of legislation perceived to be in their best interest, and the giving of aid and assistance to policemen and police organizations. The conference represents the interests of 220 police associations with a combined membership of 45,000 individuals. The Municipal Police Training Council was created by section 839 of the Executive Law and is authorized to promulgate rules and regulations prescribing height, weight and physical fitness requirements for the eligibility of candidates for appointment to the police department (Executive Law, § 840, subd 2). Prior to March 2, 1977, respondent had adopted a regulation setting a height standard for police officers. At a meeting of respondent held on March 2, 1977, a motion was made and adopted, by a five to three vote, to eliminate and rescind the height standard required under the standards rule previously adopted by respondent. A motion was also adopted to initiate a five-year study, having as its purpose the determination of the relevancy of height of police officers to the position of police officer. Subdivision 1 of section 58 of the Civil Service Law provides: "Notwithstanding any other provision of this law or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service * * * as a police officer of any police force or police department of any county, city, town, village, housing authority or police district unless he shall satisfy the following basic requirements: * * * (c) he satisfies the height, weight and physical fitness requirements prescribed by the municipal police training council pursuant to the provisions of section eight hundred forty of the executive law". This article 78 proceeding is in the nature of mandamus and seeks to compel respondent to promulgate a height standard as required by section 840 of the Executive Law. Petitioner contends that the failure to prescribe any height requirement is arbitrary, capricious and an abuse of discretion. Respondent maintains that existing law does not mandate establishing such a standard and further contends that any height requirement would violate both Federal and State law. Respondent's main argument is based on the contention that subdivision 2 of section 840 of the Executive Law is a grant of discretionary authority to respondent to promulgate a height standard for police officers. It is contended that the language of section 840 of the Executive Law leads to the conclusion that the Legislature intended that respondent have discretionary authority to establish physical standards and not be mandated to do so. We are not unmindful of the legal precedents declaring that a proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature, but not one in respect to which an officer may exercise judgment or discretion unless such judgment or discretion has been abused by arbitrary action, and that mandamus will be granted only when a clear legal right thereto has been demonstrated (Matter of Small v Moss, 277 NY 501; Matter of Fehlhaber Corp. v O'Hara, 53 AD2d 746; Board of Educ. v Levitt, 42 AD2d 372). In this proceeding, we must consider section 58 of the Civil Service Law and section 840 of the Executive Law, in pari materia. First, no person shall be eligible for appointment as a police officer unless he satisfies the height requirements prescribed by section 840 of the Executive Law, and, second, subdivision 2 of section 840 of the Executive Law provides that respondent "shall" promulgate, and may from time to time amend, such

rules and regulations prescribing height requirements for eligibility of persons for appointment as police officers. The condition in subdivision 2 that respondent shall promulgate such requirements as it deems necessary does not relate to its duty to promulgate such standard requirement, but only to the authority to exercise its judgment as to the proper standard for the efficient performance of police duty. There is a substantial difference between the right of respondent to establish limits of standards for height, weight and physical fitness in its discretion and the refusal of respondent to meet the requirements of the statute to establish such standards and not act at all. Respondent is not authorized to refuse to act when the statute mandates that it shall perform the duty imposed. The fact that prior to March 2, 1977 respondent had fulfilled its mandate is proof of its realization of the duty to comply with the mandate of the statute. It should be noted that subdivisions 1 and 3 of section 840 of the Executive Law provide that respondent "may" recommend to the Governor and the Commissioner of the Division of Criminal Justice Services, rules and regulations in other fields of municipal police training. In *Police Conference of N. Y. v Municipal Police Training Council* (62 AD2d 416), this court held that petitioner had standing to seek an order requesting respondent to promulgate a rule as required by subdivision 2 of section 840 of the Executive Law, and we adhere to our statement in that opinion which provided (p 418): "The maintenance of standards for physical fitness for police officers is a matter of public interest and for the benefit of the people at large, and particularly so when some of the petitioners are police officers who have a special interest in the physical capabilities of those who may be performing as police officers as colleagues of petitioners in the line of duty. Petitioners have established that they have standing to bring this article 78 proceeding." Respondent adopted a five-year program study on May 2, 1977, to determine the relevancy of height standards for police officers. Although we believe respondent properly initiated such a study, and that a reasonable period of time should be allocated to initiate and conclude such a study, the period of five years to make such study and make a determination is unreasonable and arbitrary. Two years and five months have elapsed since respondent initiated its study. In our opinion, respondent has had sufficient time to complete its study and promulgate its rule and standard. We believe that it should have a brief additional period to meet the statutory mandate set forth in subdivision 2 of section 840 of the Executive Law. In addition, we find that this requirement of section 840 does not violate title 7 of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e *et seq.)* to the extent that no standard has been established and thus there is no alleged discriminatory act to challenge *(Boyd v Ozark Air Lines,* 568 F2d 50; cf. *Dothard v Rawlinson,* 433 US 321). There is likewise, under the circumstances here, no violation of section 296 of the Executive Law *(Matter of Sontag v Bronstein,* 33 NY2d 197). Judgment reversed, on the law, and petition granted, without costs, to the extent of directing respondent to take appropriate steps toward promulgating a rule and regulation establishing a height requirement pursuant to subdivision 2 of section 840 of the Executive Law and to promulgate such a rule and regulation within 90 days after service of the order herein. Kane, Staley, Jr., and Herlihy, JJ., concur.

Sweeney, J. P., and Main, J., dissent and vote to affirm in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We are unable to agree with the result reached by the majority and, therefore, dissent and vote to affirm. The pertinent language of subdivision 2 of section 840 of the Executive Law provides that respondent "shall promulgate" regulations

prescribing certain physical requirements for police officers "as it deems necessary and proper for the efficient performance of police duties". A fair reading of this statute in its entirety compels us to conclude that the Legislature intended that respondent have discretionary authority to establish physical standards and not be mandated to do so as argued by appellants and held by the majority. The fact that the word "shall" is used does not necessitate a contrary conclusion (McKinney's Cons Laws of NY, Book 1, Statutes, § 177; *Matter of Ehrenberg v Persons*, 8 AD2d 18). To construe this statute as mandating respondent to establish a height requirement would render the phrase "as it deems necessary and proper" superfluous and meaningless and such conclusion should not be reached unless it is inevitable *(Direen Operating Corp. v State Tax Comm.,* 46 AD2d 191). Although the instant article 78 proceeding is appropriate to compel the performance of a statutory duty that is ministerial in nature, it is not appropriate where an officer may exercise discretion unless such discretion has been abused by arbitrary or illegal action *(Matter of Stutzman v Fahey,* 62 AD2d 1070; *Board of Educ. v Levitt,* 42 AD2d 372). Having determined that respondent has discretionary authority to establish a height requirement, we must now decide whether or not respondent has abused its discretion by arbitrary or illegal action. The record reveals that respondent has some doubt as to which specific height requirement would accurately measure an attribute relevant to the performance of police duties. Furthermore, in view of title 7 of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e *et seq.)* and section 296 of the Executive Law, respondent was uncertain as to the propriety of a height requirement. Consequently, instead of promulgating a questionable standard, respondent instituted a five-year study, which action we are unable to conclude on this record as arbitrary. Respondent, in our opinion, has not abused its discretion by arbitrary or illegal action and, consequently, the petition was properly dismissed. The judgment should be affirmed. [96 Misc 2d 315.]