■ Louis Pascal, Jr., Respondent, v County of Orange et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Personnel of the County of Orange removing petitioner's name from the Orange County police officers eligibility list, the appeal is from a judgment of the Supreme Court, Orange County (Green, J.), dated June 3, 1983, which granted the petition and ordered respondents to reinstate petitioner's name to said list and to reinstate petitioner to his employment as a probationary patrolman with the Village of Warwick Police Department.

Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits.

Petitioner, a probationary police officer, concededly suffers from a hearing impairment such that he does not satisfy the standard for physical fitness relating to hearing established by the Municipal Police Training Council (hereinafter MPTC) (9 NYCRR 6000.3 [e]). Said standard is part of a comprehensive set of physical fitness standards promulgated by the MPTC (9 NYCRR 6000.1 *et seq.*) pursuant to statute (Executive Law, § 840, subd 2). No person who fails to meet these standards may be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer (Civil Service Law, § 58, subd 1).

With respect to these standards, the regulations promulgated by the MPTC provide that "[i]t is deemed advisable to permit a reasonable degree of latitude to the professional examiner in his identification and interpretation of exceptional conditions which, in his opinion, would not adversely affect the performance of ordinary police duties by the candidate. Such exceptional conditions, with guidelines for same, are set forth in separate sections of the standards" (9 NYCRR 6000.3 [a] [1]). The "exceptional conditions, with guidelines for same" are contained in the standard relating to weight (9 NYCRR 6000.3 [c]

[4]) and the standard relating to respiration and circulation (9 NYCRR 6000.3 [j] [4]). No similar provision is set forth as to the hearing standard. Thus, the respondents' interpretation that the regulations provide for "reasonable latitude" only with respect to certain standards, not including the hearing standard, is a reasonable one, and Special Term erred in substituting its interpretation of the regulations for that of the respondents' contrary and, at least, equally valid interpretation, so as to allow reasonable latitude in enforcing the hearing requirement. The construction given to statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Robins v Blaney,* 59 NY2d 393, 399). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.