In the Matter of WILLIAM H. RICE, Respondent, v SCHUYLER COUNTY CIVIL SERVICE COMMISSION et al., Respondents, and STATE OF NEW YORK DEPARTMENT OF CIVIL SERVICE et al., Appellants.

Third Department, June 2, 1988

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for appellants.

*Learned, Reilly & Learned (Thomas E. Reilly* of counsel), for William H. Rice, respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Following physical examinations required for qualification as a police officer *(see,* Civil Service Law § 58 [1] [c]; 9 NYCRR 6000.1 *et seq.)* with respondent Village of Watkins Glen in Schuyler County, petitioner was appointed to that position on August 8, 1985 despite a question apparently raised as to his hearing acuity. Subsequent testing by a certified audiologist revealed "a mild to moderate bilateral high frequency sensorineural hearing loss" which, based on regulations promulgated by respondent Municipal Police Training Council [hereinafter MPTC) *(see,* 9 NYCRR 6000.3 [e] [4]), disqualified petitioner from serving as a police officer. Respondent Schuyler County Civil Service Commission thereupon notified the village that petitioner's employment as a police officer had to be terminated. The village unsuccessfully sought review of petitioner's qualifications by respondent State Department of Civil Service and the State Bureau of Municipal Police of the Division of Criminal Justice Services. An additional hearing examination, requested by the County Civil Service Commission, confirmed the earlier results, but the examiner opined that petitioner's hearing impairment "would not typically interfere with *any* vocational responsibilities" (emphasis in original).

Petitioner thereupon commenced this CPLR article 78 proceeding seeking, primarily, a judgment directing respondents to refrain from terminating his employment as a police officer; he does not challenge the fact that he failed to meet the

hearing standard established by MPTC. The village, though denominated a respondent, supports the petition. The Attorney-General moved on behalf of the State-level respondents to dismiss the petition for, *inter alia,* failure to state a cause of action. Supreme Court denied the motion, concluding that to the extent MPTC hearing standards conflict with the Human Rights Law (Executive Law art 15) regarding the employment of disabled people, they are invalid. Respondents were granted 10 days, as requested, to file an answer, after which a factual hearing was to be had to determine whether petitioner's hearing defect would impair his ability to perform reasonably as a police officer. On reargument, the court granted respondents permission to appeal in advance of the hearing while adhering to its original decision.

It is necessary to look first to the statute mandating physical fitness requirements for police officers. Civil Service Law § 58 (1) states in relevant part:

"Notwithstanding any other provision of this law or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment * * * as a police officer * * * unless he shall satisfy the following basic requirements * * *

"(c) he satisfies the height, weight and physical fitness requirements prescribed by the municipal police training council pursuant to the provisions of section eight hundred forty of the executive law".

The initial clause evinces a legislative intent to insulate the qualifying criteria for police officers from the effects of other statutes that might mitigate these requirements. Thus, valid job-related physical fitness standards promulgated by MPTC pursuant to Civil Service Law § 58 (1) (c) are enforceable legislative exceptions to the application of the Human Rights Law. To conclude otherwise would render ineffective and meaningless legislation specifically passed to insure that those employed to perform the demanding duties needed to protect the public safety are physically capable of doing so (Civil Service Law § 58; Executive Law § 840).

It is also not without significance that in enacting the Human Rights Law the Legislature did not see fit to supersede the fitness requirements imposed on applicants for municipal police positions by Civil Service Law § 58 (1) (c). This is not to say that the fitness standards established by MPTC are beyond judicial review *(see, Matter of Guardian Life Ins. Co. v Bohlinger,* 308 NY 174, 183) or that the petition must be

dismissed. Petitioner has charged that the hearing standard by which he was judged is arbitrary and capricious, arguing essentially that the standard is unnecessarily strict, that it erects an artificial barrier to employment or that it does not allow a reasonable amount of latitude to accommodate exceptional circumstances *(cf.,* 9 NYCRR 6000.1 [f]). However, unlike proceedings invoking the bona fide occupational qualification test under the Human Rights Law *(see,* Executive Law § 296 [1] [d]) where the employer or employment agency carries the burden of proving that the employee's disability precludes him from reasonably doing what the job requires *(see, New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League,* 36 AD2d 364, 367, *affd* 29 NY2d 921; *cf., Matter of Miller v Ravitch,* 60 NY2d 527, 532),* here petitioner must show that MPTC acted arbitrarily in adopting the subject hearing regulation, which petitioner claims is more stringent than necessary for the efficient performance of police duties *(see,* Executive Law § 840 [2]; *Pascal v County of Orange,* 104 AD2d 865, 866).

KANE, J. P., MIKOLL, HARVEY and MERCURE, JJ., concur.

Order modified, on the law, without costs, by deleting therefrom so much thereof as directed a hearing; respondents are directed to file an answer within 10 days after service of a copy of the order to be entered upon this court's decision with notice of entry; and, as so modified, affirmed.