■ In the Matter of MICHAEL F. SEITZ, Appellant, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent Suffolk County Department of Civil Service, dated April 1, 1985, which found the petitioner ineligible for appointment as a police officer, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), entered September 3, 1985, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner concededly suffers from elevated blood pressure so that he does not satisfy the standard for physical fitness established by the Municipal Police Training Council (hereinafter the MPTC) (9 NYCRR 6000.3). This standard is part of a comprehensive set of physical fitness standards promulgated by the MPTC pursuant to statute (Executive Law § 840 [2]). No person who fails to meet these standards may be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer (Civil Service Law § 58 [1]). In this case, the petitioner's blood pressure was taken 11 times on two separate occasions, and 10 of the readings were over the acceptable level.

The regulations promulgated by the MPTC also provide that

a candidate, who otherwise is not qualified because of hypertension, can be found qualified if he presents evidence from a cardiologist that such hypertension and the medication used to control it will not interfere with the performance of the physical duties of a police officer (9 NYCRR 6000.3 [j] [4]). Although the petitioner did submit a letter from a physician, it nowhere indicated that this doctor was a cardiologist. Nor did it indicate that the petitioner's high blood pressure would not interfere with his duties as a police officer. In fact, the letter stated that "hypertension is a major cardiovascular risk factor". Thus, we find that the respondents did not act arbitrarily or capriciously in finding the petitioner to be unqualified for appointment as a police officer (*Matter of Pell v Board of Educ.,* 34 NY2d 222; *Pascal v County of Orange,* 104 AD2d 865).

Further, the petitioner's contention that the respondent Department of Civil Service violated Executive Law § 296 in denying him this appointment by reason of this "disability" is without merit. The respondents sufficiently demonstrated that the petitioner's elevated blood pressure condition may "prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]). In this regard, we note that the petitioner submitted no proof to the contrary. We therefore find that the petitioner is not entitled to the protection of the Human Rights Law (*cf., City of New York v State Div. of Human Rights,* 70 NY2d 100).

Accordingly, the petition was properly dismissed. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.