■ In the Matter of KEVIN CONNOLLY, Respondent, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service, dated April 30, 1986, which found the petitioner ineligible for appointment as a Suffolk County police officer, the appeal, by permission, is from an order of the Supreme

Court, Suffolk County (D'Amaro, J.), entered October 13, 1987, which remitted the matter to the appellant Suffolk County Department of Civil Service for an evidentiary hearing and reconsideration of the petitioner's ability to perform the tasks of a Suffolk County police officer.

Ordered that the order is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner suffers from elevated blood pressure so that he does not satisfy the standard for physical fitness established by the Municipal Police Training Council (hereinafter MPTC) (9 NYCRR 6000.3). This standard is part of a comprehensive set of physical fitness standards promulgated by the MPTC pursuant to statute (Executive Law § 840 [2]). A person who fails to meet these standards is not eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer (Civil Service Law § 58 [1]). In this case, the petitioner's blood pressure was taken approximately 15 times, and almost every time the readings were over the acceptable level. The regulations promulgated by the MPTC also provide that a candidate who otherwise is not qualified because of high blood pressure can be found qualified if he presents evidence from a cardiologist that the hypertension and the medication used to control it will not interfere with the performance of the physical duties of a police officer (9 NYCRR 6000.3 [j] [4]). Although the petitioner did submit a letter from a cardiologist, it nowhere indicated that the petitioner's high blood pressure would not interfere with his duties as a police officer.

The petitioner's contention that the Suffolk County Department of Civil Service violated Executive Law § 296 in denying him this appointment by reason of this "disability" is without merit (see, Matter of Seitz v Suffolk County Dept. of Civ. Serv., 146 AD2d 631). It was sufficiently demonstrated that the petitioner's elevated blood pressure condition may "prevent [him] from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]).

The petitioner's reliance on the recent case of Matter of State Div. of Human Rights (Granelle) (70 NY2d 100) is misplaced. There, the petitioner was disqualified from employment as a police officer because of a back condition known as spondylolisthesis. This condition is asymptomatic, with only a possibility of a disability developing in the future. The Court

of Appeals found in the petitioner's favor, warning that "[e]mployment may not be denied based on speculation and mere possibilities" *(Matter of State Div. of Human Rights [Granelle], supra,* at 107). At bar, the petitioner was suffering from high blood pressure at the time he was being considered for the position, and an individual assessment of his condition revealed that he was not qualified. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.