■ In the Matter of HARRY L. MAINZER, Appellant, v SUF-FOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Civil Service dated April 23, 1985, which found the petitioner ineligible for appointment as a police officer for the Village of Quogue, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated July 27, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner had been employed as a part-time/seasonal police officer for the Village of Quogue. He thereafter applied for full-time status, and was found to be "not qualified" by the respondent Suffolk County Department of Civil Service (hereinafter SCDCS). The respondent determined that due to a weakened condition of his legs, the petitioner did not satisfy the standard for physical fitness established by the Municipal Police Training Council (see, 9 NYCRR 6000.3). An individual who fails to meet these standards is not eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer (see, Civil Service Law § 58 [1]). The applicable regulations provide, in pertinent part: "Candidates must be free of disease or disability which would prevent the candidate from safely performing all the duties of a police officer" (9 NYCRR 6000.3 [b]). "The use of orthopedic braces shall be considered disqualifying" (9 NYCRR 6000.3 [f] [2] [v]). "Weakness of or lameness of * * * joint shall be considered disqualifying" (9 NYCRR 6000.3 [f] [2] [ii]).

It was in fact conceded by the petitioner's own orthopedist that the petitioner wears an orthopedic brace on his left knee.

In addition, this doctor indicated that the petitioner suffers from "patella atrophy", or a weakness of the knee cap. Furthermore, the Medical Director of the Office of Employee Medical Review found that because of his condition, the petitioner would be unable to physically perform the duties required of a police officer.

In light of the foregoing, we find a rational basis for the determination by the SCDCS (see, Matter of Pell v Board of Educ., 34 NY2d 222). Because it was sufficiently demonstrated that the condition of the petitioner's knee may "prevent the [petitioner] from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]), the petitioner's contention that the SCDCS violated Executive Law § 296 in denying him this appointment because of a "disability", must be disposed of summarily (see, Matter of Connolly v Suffolk County Dept. of Civ. Serv., 150 AD2d 373, lv denied 74 NY2d 611; Matter of Seitz v Suffolk County Dept. of Civ. Serv., 146 AD2d 631; see also, Pascal v County of Orange, 104 AD2d 865; Matter of Palozzolo v Nadel, 83 AD2d 539). Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.