■ In the Matter of WILLIAM H. RICE, Respondent, v SCHUYLER COUNTY CIVIL SERVICE COMMISSION et al., Respondents, and STATE OF NEW YORK DEPARTMENT OF CIVIL SERVICE et al., Appellants.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered January 25, 1991 in Schuyler County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from terminating his employment as a police officer.

This matter has previously been before this court (137 AD2d 359, *lv dismissed* 72 NY2d 1003). Petitioner, a police officer for the Village of Watkins Glen in Schuyler County who failed to satisfy audio fitness requirements promulgated by respondent Municipal Police Training Council (hereinafter MPTC) for qualification as a police officer, has challenged those requirements as being arbitrary and capricious. It is his contention that MPTC's hearing standard is unnecessarily strict, that it erects an artificial barrier to employment and that, unlike standards set forth for other disabilities, it does not allow a reasonable amount of latitude to accommodate exceptional circumstances. Issue having been joined and a plenary hearing

having been held, Supreme Court issued a decision adopting petitioner's view and enjoined respondents from terminating petitioner's employment. This appeal by respondent Department of Civil Service and MPTC (hereinafter collectively referred to as respondents) ensued.

Executive Law § 840 (2) grants MPTC broad discretion to promulgate and amend rules and regulations prescribing height, weight and physical fitness standards for police officers *(see,* Civil Service Law § 58 [1] [c]). That discretion may not be disturbed unless it is arbitrary or illegal *(Matter of Police Conference v Municipal Police Training Council,* 73 AD2d 712, 715 [Sweeney, J. P., dissenting], *revd on dissenting mem below* 51 NY2d 810). Although the standards set forth for several other disabilities "permit a reasonable degree of latitude to the professional examiner in his identification and interpretation of exceptional conditions which * * * would not adversely affect the performance of ordinary police duties" (9 NYCRR 6000.3 [a] [1]; *see, e.g.,* 9 NYCRR 6000.3 [c] [4]; [f] [1] [i]; [g] [1]; [h] [1]; [j] [4]), the hearing standard applicable to petitioner's case relied solely on strict numeric decibel loss (9 NYCRR 6000.3 [e] [former (4)]; *see, Pascal v County of Orange,* 104 AD2d 865, 866). Because we do not believe that MPTC's decision to permit consideration of numerical decibel loss only, without regard to other factors, in evaluating hearing loss is arbitrary and capricious *(cf., Matter of Connolly v Suffolk County Dept. of Civ. Serv.,* 150 AD2d 373, 374, *lv denied* 74 NY2d 611), we reverse.

MPTC's hearing standard is a product of the thorough research of its Physical Standards Analysis Panel. It was developed with special consideration for the nature of police duty, as evidenced by the affidavits of Lawrence Marcus, a Deputy Director for the State Bureau for Municipal Police, and Sheila Butler, an audiologist, who were both involved in its promulgation, and for the importance of a police officer's ability to "clearly perceive sounds within the normal voice range" and sounds which "are transmitted by police sirens, police radios or voice commands, within normal decibel limits" (9 NYCRR 6000.3 [e] [1]). And although the Village Police Chief and two of petitioner's fellow officers testified that petitioner performed his police duties competently and petitioner's audiologist opined that persons with a hearing loss like petitioner's can learn to compensate by using visual and contextual cues, the fact remains, as attested to by respondents' audiologist, that such hearing loss increases the probability that petitioner will have difficulty understanding when

those cues are removed, such as when he receives a radio transmission in a police car when a siren is going. Moreover, according to respondents' expert, unlike other types of disabilities there is no adequate recourse testing for hearing loss.

Given the conditions under which police officers are expected to perform and the evidence that such conditions were considered in promulgating the hearing standard, MPTC's decision to treat hearing disabilities differently than other disabilities by relying on a strict numerical test, the measurement of decibel loss, is rational (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231; see also, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325, 328).

Mikoll, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.