■ DAVID McCARTHY, Respondent, v NASSAU COUNTY et al., Appellants. [617 NYS2d 860] —In an action, *inter alia,* for a judgment declaring that the defendants illegally discriminated

against the plaintiff on the basis of a hearing handicap, the defendants appeal from an order of the Supreme Court, Nassau County (Brucia, J.), entered April 8, 1993, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and it is declared that the defendants did not discriminate against the plaintiff in violation of Executive Law § 296 when they rejected his application for employment as a Nassau County Police Officer.

In December 1987 the plaintiff applied to the defendant Nassau County Civil Service Commission for a position as a Nassau County Police Officer. During the course of a physical examination, it was discovered that the plaintiff suffered from a hearing loss in his right ear, which disqualified him from service as a police officer based upon the standards promulgated by the New York State Municipal Police Training Council (hereinafter MPTC) and adopted by the defendants. Repeated tests performed by various doctors on behalf of the defendants and by the plaintiff's own doctor confirmed the initial test results, and the plaintiff's employment application was rejected. The plaintiff subsequently commenced this action, alleging that the rejection of his employment application constituted discrimination based upon a disability, in violation of Executive Law § 296. A motion by the defendants for summary judgment was denied, and this appeal ensued.

In support of their motion for summary judgment, the defendants established, through the use of medical evidence, that upon repeated testing the plaintiff's ability to hear in his right ear fell below acceptable limits set by the MPTC. Indeed, testing performed subsequent to the commencement of this action revealed an increased hearing loss of the right ear. As this and other courts have repeatedly held, the standards for physical fitness established by the MPTC pursuant to statute *(see,* Executive Law § 840) have a rational relationship to the ability of an individual to perform police functions, and their application is neither arbitrary nor capricious *(see, e.g., Matter of Rice v Schuyler County Civ. Serv. Commn.,* 183 AD2d 974; *Matter of Connolly v Suffolk County Dept. of Civ. Serv.,* 150 AD2d 373; *Pascal v County of Orange,* 104 AD2d 865). The defendants further established that the plaintiff's hearing loss would impair his ability to perform particular police duties in a reasonable manner *(see,* Executive Law § 292 [21]). These conclusions are not based upon mere speculation or upon the

existence of an asymptomatic disorder, but instead constitute individualized findings that the plaintiff suffers from a particular disability that prevents him from performing in a reasonable manner the particular activities involved in employment as a police officer *(cf., Matter of Antonsen v Ward,* 77 NY2d 506, 513; *Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100, 107; *Matter of Miller v Ravitch,* 60 NY2d 527, 532). Thus, the defendants established as a matter of law that their failure to hire the plaintiff was not violative of the Human Rights Law. The fact that in the interim the plaintiff had obtained employment as a New York City Police Officer and, according to his own self-serving statement, was performing police duties adequately, is insufficient to demonstrate the existence of a factual issue requiring a trial of this action *(see, Matter of Rice, supra; Matter of Mainzer v Suffolk County Dept. of Civ. Serv.,* 159 AD2d 627). Thus, the Supreme Court erred in denying the defendants' motion for summary judgment. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.