In the Matter of CINDY BURCHETTA, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [820 NYS2d 138]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Human Resources of the County of Westchester dated October 17, 2003, that the petitioner did not pass a physical agility test required for placement on the eligibility list of the Westchester County Police Department, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), dated April 21, 2004, which granted the petition and afforded the petitioner another opportunity to perform a physical agility test.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

The petitioner, an applicant for a position as a police officer, took a physical agility test required for placement on the eligibility list of the Westchester County Police Department. Section III of that test required that she run 1.5 miles, and that the test "be administered on a track." Along with other applicants, the petitioner was asked to perform this test within the parking lot of the police academy. Having failed to complete the test within the required time, the petitioner then sought to retake the test "on a track."

The standards for physical fitness have a rational relationship to the ability of an individual to perform police functions, and their application is neither arbitrary nor capricious (*see Matter of Curcio v Nassau County Civ. Serv. Commn.*, 220 AD2d 412 [1995]; *McCarthy v Nassau County*, 208 AD2d 810 [1994]). The determination at issue was rationally based on the petitioner's failure to complete the physical agility test within the required time.

The Department of Human Resources of the County of Westchester is authorized to administer the test for prospective police officers, which includes the stated 1.5-mile run (*see* 9 NYCRR 6000.2, 6000.8). Its interpretation of the regulations is accorded great weight and judicial deference, as long as it is not irrational (*see Appelbaum v Deutsch*, 66 NY2d 975, 977 [1985]; *Matter of Ford v Zoning Bd. of Appeals of City of Long Beach*, 7 AD3d 797 [2004]; *Matter of Dinan v Board of Educ., Farmingdale Pub. Schools, Farmingdale Union Free School Dist.*, 74 AD2d 922 [1980]). The requirement that applicants for the position of police officer run 1.5 miles was not irrational as administered. Miller, J.P., Adams, Skelos and Covello, JJ., concur.