■ In the Matter of JAMES WATERHOUSE, Respondent, v WESTCHESTER COUNTY DEPARTMENT OF HUMAN RESOURCES et al., Appellants. [886 NYS2d 436]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Human Resources dated November 10, 2007, which found, inter alia, that the petitioner did not pass the physical agility test required for placement on the eligibility list to join a police department within the County of Westchester, the Westchester County Department of Human Resources and Paula Redd Zeman, as Commissioner of Human Resources, appeal, by permission, from an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered June 30, 2008, which, in effect, granted the petition and afforded the petitioner another opportunity to perform a physical agility test.

Ordered that the order is reversed, on the law, without costs or disbursements, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In November 2007 the petitioner, an applicant for a position as a police officer, took a physical agility test required for placement as a police officer in the County of Westchester. The petitioner failed to complete the required elements of the test. He sought to retake the test and to be reinstated to the eligibility list without having to first retake a written examination at the next administration of that examination. He claimed, inter alia, that on the day that the physical agility test was given, he had been ill due to side effects of vaccinations administered to him in connection with a position that he then held with the Town of Yorktown. The Westchester County Department of Human Resources (hereinafter the WCDHR) denied the petitioner's request and removed him from the list of eligible candidates for the position of police officer.

The petitioner commenced this article 78 proceeding to compel the WCDHR to allow him to retake the test as requested. He contended, inter alia, that the WCDHR policy prohibiting "retakes" of the physical agility test and removing candidates who did not pass the physical agility test from the list of eligible candidates for police officer was arbitrary and capricious, and irrational.

The Supreme Court erred in granting the petition. The WCDHR is authorized to administer a test for prospective police officers seeking employment at local police departments within the County (see Executive Law § 840; 9 NYCRR 6000.2, 6000.8). The standards for physical fitness promulgated by the Municipal Police Training Commission pursuant to Executive Law § 840 bear a rational relationship to the ability of an individual to perform police functions, and their application is neither arbitrary and capricious nor irrational (see Matter of Burchetta v County of Westchester, 32 AD3d 513, 514 [2006]; McCarthy v Nassau County, 208 AD2d 810, 811 [1994]; see also Matter of Rice v Schuyler County Civ. Serv. Commn., 137 AD2d 359, 361 [1988]). The determination at issue, the removal of the petitioner's name from the list of eligible police candidates based on the fact that he did not pass the physical agility test, was rationally based on the petitioner's failure to complete the physical agility test within the required time (see Matter of Burchetta v County of Westchester, 32 AD3d at 514). The challenged policy of prohibiting "retakes" of the physical agility test was neither arbitrary and capricious nor irrational, nor was the determination of the WCDHR to adhere to that policy in this case (see Matter of Mullen v County of Suffolk, 43 AD3d 934, 935 [2007]; Matter of Burchetta v County of Westchester, 32 AD3d at 514; Matter of Thomas v Straub, 29 AD3d 595, 596 [2006]). Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.