In a proceeding pursuant to CPLR article 78 to review determinations by the Nassau County Civil Service Commission dated June 9, 2010, and August 31, 2010, respectively, which disqualified the petitioner from further consideration for a position as a Nassau County Police Officer, the appeal is from a judgment of the Supreme Court, Nassau County (Lally, J.), entered October 5, 2011, which granted the petition and annulled the determinations.
Ordered that the judgment is reversed, on the law, with costs, the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits.
Contrary to the appellants’ contention, this proceeding pursuant to CPLR article 78, brought within four months after the determinations disqualifying the petitioner from further consideration for a position as a Nassau County Police Officer, was timely commenced pursuant to CPLR 217 (1), which specifies that the limitations period begins to run when “the determination to be reviewed becomes final and binding upon the petitioner.” “An administrative determination becomes final and binding when the petitioner seeking review has been aggrieved by it” (Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000] [internal quotation marks omitted]; see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]; Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], cert denied 469 US 823 [1984]). Here, the petitioner was not aggrieved until he was notified that he was disqualified from further consideration for failing to pass the modified Municipal Police Training Council standards for audiology after he underwent a medical review (see New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165-166 [1991]).
However, contrary to the Supreme Court’s determination, the *685 Nassau County Civil Service Commission acted within the scope of its discretionary power when, in 2007, it adopted a resolution which modified the Municipal Police Training Council standards for audiology by making them more stringent (see Civil Service Law § 58 [2]), and did not contravene the procedure for the adoption of “rules” in doing so (Civil Service Law § 20; see Matter of Bates v Lang, 26 AD2d 462 [1966]). Since the appointing authority has wide discretion in determining the fitness of candidates, the disqualification of the petitioner for failing to meet those modified audiological standards was not arbitrary and capricious (Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658 [2012]; Pascal v County of Orange, 104 AD2d 865 [1984]).
Moreover, the appellant’s determination that the petitioner failed to meet the modified Municipal Police Training Council standards for audiology, as evidenced by the results of repeated testing, constituted an individualized finding that his disability prevents him from performing the functions of a police officer in a reasonable manner, such that his disqualification did not constitute unlawful discrimination under the Human Rights Law (see McCarthy v Nassau County, 208 AD2d 810 [1994]).
Therefore, the judgment annulling the determinations of the Nassau County Civil Service Commission must be reversed, the determinations confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P, Angiolillo, Leventhal and Sgroi, JJ., concur.