Ramos v Ford Found. (2025 NY Slip Op 05325)

Ramos v Ford Found.

2025 NY Slip Op 05325

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rosado, JJ. 

Index No. 159885/17|Appeal No. 4821|Case No. 2024-06470|

[*1]Miguel Ramos, Plaintiff-Respondent,
v
Ford Foundation, et al., Defendants-Appellants, Commodore Construction Corp., et al. Defendants.
The Ford Foundation Sued Herein as Ford Foundation, et al., Third-Party Plaintiffs-Appellants,
v
Penguin Air Conditioning Corp., Third-Party Defendant. The Ford Foundation Sued Herein as Ford Foundation, et al., Second Third-Party Plaintiffs-Appellants,
Harbour Mechanical Corporation, Third Third-Party Plaintiff-Respondent,
v
Celtic Sheet Metal, Third Third-Party Defendant-Respondent.

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Miguel Ramos, respondent.
Katz & Rychik P.C., New York (Abe M. Rychik of counsel), for Harbour Mechanical Corporation, respondent.
Conway, Farrell, Curtin & Kelly, P.C., New York (Ralph Consentino of counsel), for Celtic Sheet Metal, respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 2, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants The Ford Foundation and Henegan Construction Co., Inc. for summary judgment dismissing plaintiff's Labor Law §§ 200 and 240(1) and common-law negligence claims and on their contractual indemnification claim against second third-party defendant Harbour Mechanical Corporation, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and, upon a search of the record, sua sponte dismissed Ford and Henegan's second third-party complaint against Harbour for contractual indemnification, unanimously modified, on the law, to vacate the dismissal of Ford and Henegan's second third-party complaint, grant Ford and Henegan's motion for summary judgment on their contractual indemnification claim to the extent of granting them conditional contractual indemnification from Harbour, and otherwise affirmed, without costs.
Plaintiff established his prima facie entitlement to summary judgment on his Labor Law § 240(1) claim. Plaintiff's evidence showed that he was struck by a foot brace component to a scaffold that fell several stories from where a co-worker was dismantling the upper levels of the scaffold, and that the gravitational force generated by the falling object warranted the use of a safety device enumerated in Labor Law § 240(1), such as overhead protection, as per the unrebutted opinion of plaintiff's site safety expert (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]; Fromel v W2005/Hines W. Fifty-Third Realty, LLC, 232 AD3d 513, 514 [1st Dept 2024]). 
Where, as here, plaintiff was properly granted summary judgment on his Labor Law § 240(1) claim, Ford and Henegan's arguments as to plaintiff's Labor Law § 200 and common-law negligence claims need not be reached (see Rincon v New York City Hous. Auth., 202 AD3d 421, 422 [1st Dept 2022]).
Ford and Henegan's claim for contractual indemnification against Harbour should not have been dismissed. Here, the injury was to an employee of Harbour's sub-subcontractor (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; see also Quiroz v New York Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 556 [1st Dept 2022]), and the indemnification language in the subcontract broadly provided that, to the fullest extent of the law, Ford and Henegan (owner and general contractor, respectively) were to be indemnified as to "all claims, damages, losses and expenses . . . arising out of, in connection with or resulting from Subcontractor's Work, provided that such claim, damage, loss or expense is attributable to bodily injury . . . regardless of whether or not it is caused in part by a party indemnified hereunder." As there is some evidence in the record to suggest potential involvement of the general contractor in the directive to dismantle the scaffold, but no argument is made to indicate that either Ford or Henegan were the sole proximate cause of plaintiff's injury, Ford and Henegan should be granted conditional contractual indemnification against Harbour (see e.g. Devlin v AECOM, 224 AD3d 437, 439 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025