Ichapanta v East Side Home Stead LLC (2025 NY Slip Op 06133)

Ichapanta v East Side Home Stead LLC

2025 NY Slip Op 06133

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 812540/21|Appeal No. 5117|Case No. 2024-06173|

[*1]Luis J. Tigsilema Ichapanta, Plaintiff-Appellant,
v
East Side Home Stead LLC, Defendant, Taconic Builders, Inc., Defendant-Appellant, JVA Industries, Inc., Defendant-Respondent. [And a Third-Party Action]

McMahon Martine & Gallagher, LLP, Brooklyn (Daniel Reiser of counsel), for appellant.
Baxter & Smith, P.C., Hicksville (Bryan R. Forbes of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered October 8, 2004, which, to the extent appealed from, denied defendant Taconic Builders, Inc.'s motion for summary judgment on its cross-claim for contractual indemnification against third-party defendant JVA Industries, Inc., unanimously modified, on the law, to the extent of granting Taconic conditional contractual indemnification and reimbursement for its costs, fees, and expenses, and otherwise affirmed, without costs.
Taconic, the general contractor, hired JVA, the carpenter subcontractor, to help renovate a former commercial building into a single-family home. Plaintiff was employed by JVA as a carpenter and helper on the job site. Plaintiff was injured while readying plywood panels on a hoist to be lifted from the ground floor, where plaintiff was positioned, up to the third floor of the building.
Taconic is entitled to a grant of conditional contractual indemnification against JVA. The indemnification language in the Taconic/JVA subcontract broadly provided that, to the fullest extent of the law, Taconic was to be indemnified as to "all claims, damages, losses and expenses, including but not limited to reasonable attorneys' fees and expenses arising out of or resulting from the performance of this subcontract agreement," excluding claims, losses, damages, and expenses arising from work performed by subcontractors separately engaged by the contractor (see Ramos v Ford Found., — AD3d &mdash, 2025 NY Slip Op 05325 [1st Dept 2025]; Devlin v AECOM, 224 AD3d 437 [1st Dept 2024]).
Taconic established prima facie that plaintiff's injury arose out of or resulted from the performance of work under the subcontract agreement. Taconic's superintendent of construction averred that he was present at the job site on the date of plaintiff's accident, and that JVA's foreman, Jay Rodriguez, provided plaintiff with his work instructions. Plaintiff acknowledged that his foreman—whose name he did not know because it was his first day on the job—was the sole individual who instructed him as to his work assignment. An accident report prepared by JVA identified "Jay Rodriguez" as the JVA foreman at the project. In opposition to Taconic's motion, JVA did not offer an affidavit from Jay Rodriguez, or from anyone else having personal knowledge of the foreman who worked with plaintiff on the date of his accident. JVA's reliance solely upon plaintiff's own lack of knowledge of his foreman's name and employer was insufficient to raise a triable issue of fact as to whether the foreman plaintiff worked with on the date of his accident was employed by an entity other than JVA.
There is no argument by JVA that Taconic's actions or omissions were the sole proximate cause of plaintiff's injuries (see Ramos, 2025 NY Slip Op 05325), and the indemnification provision's savings clause avoids a violation of General Obligations Law § 5-322.1 (see Devlin, 224 AD3d at 439). Taconic is thus entitled to conditional contractual indemnification (see e.g. Winkler v Halmer Intl., LLC, 206 AD3d 458, 461 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025